IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

06 MAY 10 PM 2:09

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO

| | | |
|---|---|---|
| MICHAEL DEAN<br>Route 1, Box 158<br>Prichard, WV 25555 | : | Case No. _____ |
| | : | |
| and | : | **2 : 06 cv 3 4 2** |
| WALTER WILLIAMSON<br>3608 Rt. 75<br>Huntington, WV 25704 | : | **JUDGE SMITH**<br>Judge _____ |
| | : | |
| and | : | Magistrate Judge **MAGISTRATE JUDGE KING** _____ |
| GLEN THOMAS GIBSON<br>423 South Lock Avenue<br>Louisa, KY 41230, | : | |
| | : | |
| Plaintiffs, | : | **COMPLAINT** |
| v. | : | |
| CALGON CARBON CORPORATION<br>PENSION PLAN FOR HOURLY-RATED<br>EMPLOYEES (BIG SANDY PLANT)<br>c/o/ Secretary<br>Calgon Carbon Corporation<br>P.O. Box 717<br>Pittsburgh, PA 15230-0717 | : | |
| and | : | |
| CALGON CARBON CORPORATION,<br>as Plan Administrator of the Calgon<br>Corporation Pension Plan For Hourly-<br>Rated Employees (Big Sandy Plant)<br>P.O. Box 717<br>Pittsburgh, PA 15230-0717, | : | |
| | : | |
| Defendants. | : | |
| | : | |

1

For their Complaint against Defendants, The Calgon Carbon Corporation Pension Plan for Hourly-Rated Employees (Big Sandy Plant), and Calgon Carbon Corporation, Plaintiffs Michael Dean, Walter Williamson, and Glen Thomas Gibson, state as follows:

**Parties**

1.      Each of the Plaintiffs is an employee of Calgon Carbon Corporation, and each works at the corporation's Big Sandy plant.  By virtue of their employment, each plaintiff is a participant, within the meaning of 29 U.S.C. § 1002(7), in the Calgon Carbon Corporation Pension Plan for Hourly-Rated Employees (Big Sandy Plant).

2.      Defendant Calgon Carbon Corporation Pension Plan for Hourly-Rated Employees (Big Sandy Plant) (hereinafter, the "Pension Plan") is an employee pension benefit plan established and maintained pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq*.

3.      Defendant Calgon Carbon Corporation ("Calgon") is the duly-appointed administrator, within the meaning of 29 U.S.C. §1002, of the Pension Plan.

**Jurisdiction and Venue**

4.      This matter arises under 29 U.S.C. §1132.  This Court has jurisdiction of it under 29 U.S.C. §1132(e) and (f), 28 U.S.C. §1131, and the federal common law.

5.      The Pension Plan is administered, in part, in Lawrence County, Ohio. Venue, therefore, is proper in the Eastern Division of the Southern District of Ohio.

**Facts common to all claims**

6.      The Pension Plan is a collectively-bargained pension plan, with many of the terms of the Pension Plan the product of bargaining between Calgon Carbon Corporation and the United Steelworkers of America.

7.      The terms of the Pension Plan are found not only in the Pension Plan document itself, but in the terms of various collectively-bargained agreements that amend, revise, amplify or modify the Pension Plan document.

8.      Each plaintiff is a former employee of Calgon who has reached retirement age, as defined by the Pension Plan, has made application for retirement benefits from the Pension Plan, and has begun receiving monthly pension benefits from the Pension Plan.

9.      As and when each Plaintiff applied for benefits, they discovered that the benefits that Calgon, acting as plan administrator, proposed to pay them was less than the benefits to which they are entitled under the terms of the Pension Plan.

10.     As and when each Plaintiff began receiving benefits, the benefits each received was less that the benefits to which each was entitled according to the terms of the Pension Plan.

11.     Among other things, Plaintiffs contend that Calgon, acting as plan administrator:

        a.   miscalculated their years of service;

        b.   miscalculated the basis for the amount of their monthly benefits by using the wrong years as a basis for computing salaries;

        c.   miscalculated the monthly benefit by relying on part-months of employment rather than utilizing only full months;

3

d.   miscalculated the monthly benefit by failing to include certain leave-based compensation as eligible for use in the calculations; and

e.   Improperly charging him for certain benefit costs, as, for example, costs associated with a "pop up" survivor benefit.

12.     Defendant Calgon has agreed that the monthly pension benefits paid to Plaintiffs is incorrect, but they have failed and refuse to correct the errors.

13.     The Plaintiffs are entitled to have their benefits calculated in accordance with the applicable plan documents.

14.     The Plaintiffs are entitled to have their monthly benefits paid to them in the correct amount.

**Count I – For Relief Under 29 U.S.C. §1132(a)(1)(B)**

15.     The allegations of paragraphs 1 through 14 are restated as if fully rewritten herein.

16.     Plaintiffs bring this action against Calgon and the Pension Plan pursuant to 29 U.S.C. §1132(a)(1)(B) on behalf of themselves and on behalf of other retirees similarly situated.

17.     Plaintiffs seek an order: (1) clarifying their rights under the terms of the Pension Plan; (2) enforcing their rights to benefits in accordance with the terms of the Pension Plan; and (3) directing Defendants to make payments to Plaintiffs in accordance with the terms of the Pension Plan.

18.     Plaintiffs have frequently and repeatedly made demand upon Calgon, as plan administrator, to explain its pension calculations, to correct its errors, and to pay the correct amount.

4

19.     Moreover, on June 28, 2005, Plaintiff Dean, through counsel, submitted a formal request to the plan administrator to explain and correct its errors and otherwise attempted to resolve his dispute administratively.

20.     Plaintiff Dean and the plan administrator exchanged correspondence over the next several months, but the plan administrator ultimately failed to address or resolve all of Dean's complaints.

21.     Ultimately, the plan administrator issued a notice adjusting, in part, the Plaintiffs' pension benefits.

22.     Plaintiff Dean has, therefore, exhausted his administrative remedies.

23.     The benefits to which Plaintiffs are entitled continue to be incorrectly calculated.

24.     Plaintiffs seek a determination from the Court as to the proper manner in which benefits should be calculated, as to the proper amount of monthly pension benefit each Plaintiff is due, and award of all past payments not made in accordance with that calculation, plus interest thereon.

25.     Plaintiffs also seek an order directing Calgon to re-calculate and pay benefits, in accordance with this Court's determination, to all other retirees similarly situated.

**Count II – For Relief Under 29 U.S.C. §1132(a)(2)**

26.     The allegations of paragraphs 1 through 24 are restated as if fully rewritten herein.

27.     Plaintiffs bring this claim against Defendant Calgon, acting as plan administrator, pursuant to 29 U.S.C. §1132(a)(2).

28.    Defendant Calgon has failed to adopt, enforce or follow an administrative procedure that complies with the requirements of 29 U.S.C. §1133.

29.    In responding to the complaints of Dean and others that Plaintiffs' benefits were incorrectly calculated, Calgon breached its fiduciary duties to Plaintiffs, as those duties are set forth by statute and common law.

30.    Plaintiffs seek an order directing Calgon to:

    a.  Adopt an administrative procedure that complies with 29 U.S.C. §1133; and

    b.  Administer claims for benefits from the Pension Plan in accordance with 29 U.S.C. §1133.

**WHEREFORE**, Plaintiffs demand judgment as follows:

    A.    A declaration clarifying and enforcing their rights under the terms of the Pension Plan;

    B.    A declaration clarifying the rights of all other persons similarly situated;

    C.    Payments of benefits in accordance with the terms of the Pension Plan;

    D.    An order directing Defendant Calgon to adopt and implement an administrative procedure that complies with ERISA;

    E.    Attorneys fees and the costs of this action;

    F.    Prejudgment and post-judgment interest on unpaid benefits; and

    G.    Such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Tony C. Merry   (0042471)
Trial Attorney
Volkema Thomas, LPA
140 E. Town St., Suite 1100
Columbus, Ohio  43215
(614) 221-4400
(614) 221-6010 [fax]
tmerry@vt-law.com

Attorney for Plaintiffs

7